[S. F. No. 13028. In Bank.—May 24, 1929.]

AIMEE BENJAMIN, Respondent, v. JOHN F. NOONAN et al., Appellants.

Robert L. McWilliams and Ralph H. Lachmund for Appellants.

Louis V. Crowley, Cooley, Crowley & Gallagher and Lasher B. Gallagher for Respondent.

PRESTON, J.—In this cause the judgment for plaintiff is affirmed. The action is one to recover damages for personal injuries received as the result of an automobile accident which occurred in San Francisco on August 14, 1926, at about 10:40 P. M., while plaintiff was riding as his guest in the automobile of appellant John F. Noonan. Said appellant, with plaintiff in his car, was driving west on Irving Street at a speed varying from twenty to thirty miles an hour; at about the same time appellant Harold Gallagher, at the wheel of a Studebaker roadster, accompanied by defendant H. C. Gallagher and another person, was proceeding south on Forty-eighth Avenue at a slow speed, perhaps fifteen miles per hour, having stopped just previously to avoid hitting an obstruction in the street. The night was very foggy and the two automobiles collided where Forty-eighth Avenue intersects Irving Street. Plaintiff was thrown from the car and severely injured in the manner hereinafter described. She subsequently commenced this action for damages, including as defendants the drivers of both machines. Trial was had before a jury and a verdict was returned in her favor for the sum of six thousand dollars. Judgment followed, from which both defendants Noonan and Harold Gallagher have appealed, claiming, first, that plaintiff was guilty of contributory negligence as a matter

of law, and, second, that the court erred in the giving of certain instructions and the withholding of others requested to be given.

■ The claim of contributory negligence is based upon the argument that notwithstanding the foggy weather and poor visibility, plaintiff negligently permitted her host to travel the entire distance between Thirteenth and Forty-eighth Avenues, on Irving Street, a residential and business district, at a speed ranging from twenty to thirty miles an hour, without the slightest protest, remonstrance or request that he either diminish his speed or permit her to leave the car, which failure on her part to either so speak or act amounted to contributory negligence as a matter of law and that the court erred in refusing to give a requested instruction bearing upon this point. This claim is urged in the face of plaintiff's undisputed testimony that she had never driven an automobile and was not qualified to judge the safety or nonsafety of driving conditions, and that, although she was of a nervous temperament, the speed at which appellant Noonan drove on the night in question did not seem to be excessive or fast enough to arouse any sense of fear in her. It is unnecessary to discuss the point at length. This very situation was before us and received our full consideration in the recent case of *Shields* v. *King, ante,* p. 275 [277 Pac. 1043]. Upon that authority, and the cases there cited and for all the reasons therein set forth, we hold the contention that plaintiff here was guilty of contributory negligence as a matter of law and that the court erred in refusing to give the instruction mentioned to be wholly without merit. ■ In other words, a guest passenger, traveling by automobile, is bound to exercise ordinary care for his own safety, but whether or not he has exercised such care is a question of fact, which, unless the evidence is all one way, must be submitted to a jury, and their determination thereof is conclusive.

■ Appellants complain of an instruction given by the court at its own instance which first stated the provisions of the Motor Vehicle Act (Stats. 1923, p. 517) to the effect that vehicles shall be driven on the public highways at a careful, prudent, reasonable and proper speed, so as not to endanger the life, limb or property of any person, and that it shall be lawful to drive at a speed not exceeding

·fifteen miles an hour in traversing an intersection of high-ways where the view is obstructed, etc., and then charged that a violation thereof constituted negligence as a matter of law. They contend for the distinction that an infraction of said provisions would constitute not negligence *per se* but mere evidence of negligence which might or might not amount to proof of negligence.

We find no error in said instruction. As said in *Scragg* v. *Sallee,* 24 Cal. App. 133, 144 [140 Pac. 706, 710] : "While it is undoubtedly correct to say that the act of driving a vehicle over a street or public highway beyond the speed limit established by a municipal ordinance or a statute merely constitutes evidence of negligence in cases where damage has followed the infraction of such an ordinance or law, the rule in this state is, however, that it is conclusive evidence of negligence (citing cases). Therefore, the statement that such an act is 'of itself negligence,' or 'negligence as a matter of law' or 'negligence *per se*' (equivalent expressions) is, in this state, strictly correct." (See, also, *Baillargeon* v. *Myers,* 180 Cal. 507, 508 [182 Pac. 37] ; *Flynn* v. *Bledsoe Co.,* 92 Cal. App. 145 [267 Pac. 887] ; *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010] ; *Greeneich* v. *Knoll,* 73 Cal. App. 1 [238 Pac. 163].) We find nothing in the cases cited by appellants at variance with the rule above set forth.

█ Appellant Gallagher attacks three instructions which told the jury in effect that even though he had the right of way at the intersection in question, he had no right to proceed blindly in reckless disregard of obvious danger, but it was his duty to keep his machine under such control as would enable him in the exercise of ordinary care and skill to avoid a collision, and if he failed in these respects or if by the use of ordinary care and skill he could have stopped his automobile within fifteen feet and failed to do so, then he was guilty of negligence proximately causing injury to plaintiff. To our mind the evidence amply warranted instructing the jury as to appellant's duty under the circumstances, which duty was properly limited in all three instructions to the use of ordinary care and skill to avoid an accident. In fact, an instruction almost identical with one of them was approved in *Meyers* v. *Bradford,* 54 Cal. App. 517–519 [201 Pac. 471] ; see, also, *Rush* v. *Lagomar-*

*sino,* 196 Cal. 308, 317 [237 Pac. 1066]; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 Pac. 125]; *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709]; *Truitner* v. *Knight,* 83 Cal. App. 655, 661 [257 Pac. 447]; *Broedlow* v. *LeGros,* 88 Cal. App. 671 [263 Pac. 1027].

█ Appellant Gallagher further contends that there was no premise in the evidence for the instruction given the jury to the effect that even though they believed plaintiff's physical condition might continue or grow worse as a result of her injuries, it had to appear with reasonable certainty that such condition would continue or grow worse before that fact could be considered in computing any verdict in her favor. Said appellant should not complain of an instruction which could not have prejudiced him, as it was favorable both to himself and his co-defendant; moreover, evidence was adduced relating to the possible continuance of after-effects resulting from plaintiff's injuries.

█ We find no prejudicial error on the part of the court in refusing to give certain instructions requested by appellant Noonan with respect to the duty of plaintiff to use ordinary care in securing and continuing to have all necessary medical aid after her injury. The complaint alleged that plaintiff sustained as a result of the accident severe and permanent injuries, to wit: a transverse fracture of the sacrum, concussion of the brain, a contused wound of the left elbow, a scalp wound in the occipital region, wrenching and straining of the back, lacerations, contusions and abrasions of limbs and body. She was confined to the hospital for several weeks and her physical condition became much improved; however, she had always been of a highly nervous temperament and the experience so heightened her nervousness and fears that she was thereafter subject to more frequent fainting spells than she had ever before had; was practically unable to drive by automobile for any distance or to even sit or remain quiet for any length of time. Under these facts appellant charges her with negligence and claims that the jury should have been instructed upon this subject, in that during the period from October, 1926, to January, 1928, she made only some two or more visits to her physician. However, the doctor himself testified that he kept no record of her case after she left the hospital as he knew she was

able to call upon him when she needed help; that she did visit him several times and, with his approval, went to stay with her sister at Napa and while there at his suggestion took sun bath treatment and endeavored to hasten recovery through a complete rest. Furthermore, the court instructed the jury as to the requirement that an injured party submit to the treatment prescribed by his or her attending physician and that such party may not by his or her own failure to use reasonable care allow damages to be unnecessarily increased.

We have carefully examined all the points urged by appellants and find no reversible error; hence our conclusion first herein announced.

Curtis, J., Langdon, J., Shenk, J., Richards, J., and Seawell, J., concurred.