[Civ. No. 3864.   Third Appellate District.—September 10, 1930.]

J. A. LOGGIE, Respondent, v. INTERSTATE TRANSIT COMPANY (a Corporation), Appellant.

Jesse W. Carter and Annette Abbott Adams for Appellant.

Carr & Kennedy for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—The plaintiff brought this action to recover damages for personal injuries and injuries to his automobile alleged to have been caused by the negligent operation of one of the defendant's passenger stages. The jury returned a verdict in favor of the defendant for costs and the plaintiff made a motion for a new trial. The court granted the motion, stating that "the main ground of plaintiff's motion for a new trial is that plaintiff was prevented from having a fair trial on account of irregularities in the proceedings of counsel for defendant in asserting and attempting to prove in the presence of the jury that the plaintiff carried accident and collision insurance, and the offer made by counsel for defendant to prove that the plaintiff did carry policies of collision and accident insurance on his automobile, and that said policy was paid plaintiff for the damage to his automobile. . . . I am of the opinion and am constrained to hold that such conduct on the part of counsel for defendant had a prejudicial effect upon the minds of the jurors and influenced them in the rendition of their verdict. . . . I am granting the general motion for a new trial, . . . not on the ground of insufficiency of evidence, but on the ground as stated, of misconduct, and leaving it open to any other grounds other than the insufficiency of the evidence." The defendant has appealed from the order granting a new trial.

Respondent contends that the motion was properly granted on the ground, in addition to that stated by the court, that it was error to instruct the jury that "the operation of an automobile at a rate of speed in excess of the speed declared to be lawful in the California Vehicle Act

was negligence as a matter of law." The Supreme Court has held contrary to respondent's contention in two recent decisions. (*Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045] ; *Cooper* v. *Smith,* 209 Cal. 563 [289 Pac. 614].)

█ Appellant contends that the order cannot be upheld on the ground of misconduct, because the alleged misconduct was not shown by affidavits as provided by section 658 of the Code of Civil Procedure. It may be conceded that the decisions are uncertain as to the proper procedure to be followed in showing misconduct in support of a motion for a new trial where the alleged misconduct has occurred in open court during the progress of a trial and fully appears from a reading of the reporter's transcript. The alleged misconduct is fully set forth in the transcript of the reporter's notes of the trial in this case and affidavits showing such misconduct would be a mere copy of such parts of the transcript. No reason appears, therefore, for the filing of affidavits, unless it be the purely technical one that section 658 so requires. It is unnecessary, however, to pass upon appellant's contention, because the objection here urged was not made at the hearing on the motion in the trial court. The motion was made on "the minutes of the court, as well as all of the files, records, and pleadings in the action, and the instructions of the court," and it was particularly urged that the plaintiff is entitled to a new trial on the ground of the alleged misconduct of counsel for the defendant and, before argument of the motion, the court referred to such misconduct and said: "That is a matter that I would rather have a hearing on, and the only matter I would be concerned in in considering a motion for a new trial." The record on appeal does not show that appellant made any objection to the consideration by the trial court of the alleged misconduct or any suggestion that such misconduct was not properly presented. By such failure the appellant must be held to have waived the objection here made. Had such objection been made in the trial court and sustained, doubtless the respondent would then have shown such misconduct by affidavits. (*People* v. *Cencevich,* 64 Cal. App. 39, 45 [220 Pac. 448]. See, also, *Starkweather* v. *Eddy,* 196 Cal. 73, 75 [235 Pac. 734].)

█ The alleged misconduct and the proceedings leading up to it are set forth on pages 111 to 115 of the reporter's

transcript. On direct examination, in connection with proof
of the damage to his automobile, the plaintiff testified that
a few days after the accident he made a trip to Cotton-
wood to see his automobile. He was then examined by his
counsel as follows:

"Q. And who went with you on that trip down to Cotton-
wood to see your car? A. The Three-A young man and
Mr. Renshaw. Q. And what at that time did you do with
your car? A. I turned it over to Mr. Renshaw. Q. For
what purpose? A. For salvage. Q. What amount if any
of salvage did you subsequently receive for that wreck?
A. Eight hundred dollars."

On cross-examination the following occurred, the plain-
tiff making seasonable and proper objections thereto and
assignments of misconduct:

"Q. Mr. Loggie, Mr. Renshaw was the representative of
the Aetna Accident Insurance Company, was he not? . . ,
The Court: Answer the question. A. Yes. Mr. Carter:
Now, as I understand your honor's position we will not
be permitted to show that Mr. Loggie carried accident or
carried collision insurance on his automobile which was
paid to him? The Court: Absolutely. Mr. Carter: Yes.
Then for the purpose of the record, if the court please, we
desire to make the offer to prove that Mr. Loggie did carry
a policy of collision insurance on his automobile, which
policy was paid to him for the damage to his automobile,
and we make the offer at this time to make that proof. . . .
The Court: The objection will be sustained and the state-
ment and offer of 'counsel will be stricken from the record
and the jury will be instructed that they are to disregard
the statement made by counsel as not in issue in this case.
The question of insurance carried by another is not a ques-
tion for this jury to determine or to be considered by them
in arriving at a verdict in the case."

It was error to overrule the objection to the foregoing
question on cross-examination, because it was wholly imma-
terial whether Renshaw was the representative of an in-
demnity insurance company, and the jurors doubtless inferred
from the question and answer that the plaintiff was pro-
tected by such insurance. ■ The offer of proof, how-
ever, was more prejudicial, implying that the plaintiff had
been fully compensated for the damage to his automobile,

and the first thought of the jurors, unfamiliar with legal principles, probably was that, having received full compensation for his loss from one person, the plaintiff was not entitled to a second recovery for the same loss.

"Damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him, and to the procurement of which the wrongdoer did not contribute; and this is equally true . . . though the insurance company, by reason of having paid the loss, is entitled to be subrogated to the rights of the insured as against the tort-feasor, or to recover back from him the amount he recovers. The question who will be entitled to the proceeds of the recovery, the insurer or the insured, is a matter between them, and constitutes no defense to an action for the damages caused by the wrong which, in any event, must be brought in the name of the insured owner although it might be for the use of the insurer." (8 R. C. L. 557; *Clark* v. *Burns Hammam Baths,* 71 Cal. App. 571, 575 [236 Pac. 152].)

In *Aqua Contracting Co.* v. *United Rys. Co. of St. Louis,* (Mo. App.) 203 S. W. 481, an action for injuries to the plaintiff's motor-truck, the jury returned a verdict in favor of the defendant and the trial court granted a new trial on the ground "that defendant's counsel was guilty of misconduct during the trial in inquiring of a witness for plaintiff as to whether plaintiff carried collision insurance." In affirming the order granting a new trial, the appellate court said:

"While it is true that the court at the time sustained the objection to the question, instructed the jury to disregard it, and reprimanded counsel, it is also true that it was a question present with the learned trial court to determine whether, in spite of this, the virus had been extracted from the poison injected into the case by this question. The learned trial judge had before him not only the witnesses but the jury and was better able than we, as an appellate court, can possibly be, to determine whether the effect of this element so injected into the case by counsel for defendant was still present with the jury."

In *Mallory S. S. Co.* v. *Druhan,* 16 Ala. App. 438 [78 South. 636], counsel for the defendant in his argument to the

jury said that ''the suit of the plaintiff was for the benefit of an insurance company which had issued its policy to protect plaintiff against liability, and received a premium for doing so.'' The jury found for the defendant and the trial court granted a new trial on other grounds. In affirming the order on appeal, the appellate court said:

''The court might well have set aside the verdict of the jury and granted a new trial on account of the remark made to the jury by the defendant's counsel. This remark was not warranted by any phase of the testimony, and could have had but one tendency; i. e., to have prejudiced the minds of the jury against the plaintiff's case and in favor of the defendant. Counsel should not be permitted to obtain verdicts by other than fair presentations of their causes upon the facts and legitimate argument based upon them, and when verdicts are otherwise obtained, they should be promptly set aside by the trial courts.''

There are numerous decisions upholding the granting of new trials on the ground of misconduct of counsel for prevailing parties. In *Rosumny* v. *Marks,* 118 Or. 248 [246 Pac. 723], in discussing the prejudicial effect of calling the attention of the jury to the fact that the defendant was protected by indemnity insurance, it is said:

''If the trial court is of the opinion that by reason of such intentional argument or testimony the jury has been improperly caused to be careless in the consideration of their verdict, or that the defendant has thereby been prevented from having a fair trial, it is the duty of that court to set the verdict and judgment aside and grant a new trial.''

In *Standridge* v. *Martin,* 203 Ala. 486 [84 South. 266], it is said:

''There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation whose business it is to stand for and pay such damages. Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge.''

In *Citti* v. *Bava,* 204 Cal. 136, 139 [266 Pac. 954], the court said:

"The natural tendency of a line of examination that suggests to the jury that the defendant is indemnified against any judgment for damages against him is highly prejudicial to his rights, especially in a closely balanced case where the evidence otherwise would be easily sufficient on appeal to support a verdict either for the plaintiff or for the defendant."

█ The granting or denial of a new trial on the ground of misconduct is largely in the discretion of the trial court. "The trial judge is in a much better position than an appellate court to determine whether the verdict in a case is probably due wholly or in part to such alleged misconduct as we have here, and his conclusion in the matter should not be disturbed unless, under all the circumstances appearing, it is plainly wrong." (*Lafargue* v. *United Railroads,* 183 Cal. 720, 724 [192 Pac. 538, 540].)

"The trial court having heard and seen the witnesses on the trial, and having knowledge as to those circumstances of a case which cannot be reproduced in the printed record, is in a better position than is the appellate court to determine as to the effect of the shown irregularity upon the result of the trial. It is certainly enough to justify the affirmance of an order granting a new trial upon such ground that the irregularity found upon sufficient evidence by the trial court to have existed was of such a nature that it may, under the circumstances of the case, as shown by the record, have affected the substantial rights of the aggrieved party and prevented a fair trial." (*Piercy* v. *Piercy,* 149 Cal. 163, 166 [86 Pac. 507, 509] ; *Merralls* v. *Southern Pac. Co.,* 182 Cal. 19, 22 [186 Pac. 778].)

In appellant's brief it is said: "It also appears that in taking the deposition of E. R. Sindell plaintiff's counsel brought out the matter of the defendant's insurance, . . . and this deposition was read to the jury." It appears that the defendant caused the deposition to be taken. In the cross-examination by counsel for the plaintiff the following appears:

"Q. When did you first talk to anybody after this accident about what your testimony would be? A. I talked to the insurance man. Q. And who was the insurance man? A. I don't remember. . . . Q. . . . Did you make a statement at that time as to what you saw of this accident?

A. I did. Q. And was it in writing? A. He wrote it and I signed it." It appears from the foregoing that the reference to the "insurance man" was a voluntary statement by the witness, not responsive to the question asked. The deposition was introduced at the trial by the defendant, counsel for the defendant reading the direct examination and counsel for the plaintiff the cross-examination, and the defendant's counsel made no objection to the testimony relative to insurance. The deposition was read in evidence long after the alleged misconduct of counsel for the defendant. Under the circumstances stated it does not appear that the reference in the deposition to the matter of insurance has any bearing upon the prejudicial effect of such misconduct.

The evidence is clearly sufficient to support a judgment for either party and, under such circumstances, the conclusion that the trial court was warranted in finding that the alleged misconduct requires a new trial is decisive of the appeal.

The order is affirmed.