[Civ. No. 7425. First Appellate District, Division One.—December 30, 1930.]

GIOVANNI CASSINELLI, Respondent, v. HERMAN BENNEN, Appellant.

Henry Heidelberg, Albert Belford and Emery F. Mitchell for Appellant.

Edmund J. Holl for Respondent.

THE COURT.—About 4:45 o'clock in the morning, in the month of July, 1927, respondent, Giovanni Cassinelli, while on his way to work, alighted from a south-bound Valencia Street car at Eighteenth Street in San Francisco, and after the car continued on he proceeded to cross to the east side of the street. Just as he was about to step on the sidewalk he was struck and injured by a jitney bus driven by the appellant Herman Bennen. As a result of the injuries received he brought this action for damages and a jury awarded him a verdict of $3,000. From the judgment entered thereon this appeal was taken, three grounds for reversal being urged, first, that the evidence fails to show negligence on the part of the appellant; second, that the evidence shows contributory negligence on the part of respondent; and third, that the court committed error in giving certain instructions to the jury.

The evidence relating to the cause of the accident consisted of the testimony given by the two parties. Respondent testified that when the street-car stopped he stepped down from the rear platform thereof into the center of the safety zone and waited for the car to continue on; that after the car crossed Eighteenth Street he looked in a northerly direction, toward Market Street, and no vehicle being in sight he started to walk easterly across Valencia Street; that when he reached a point between the north and south-bound car tracks he again looked to the north and also to the south, up and down Valencia Street, and observed an automobile approaching on Valencia Street from the south; that it was then on the farther side of the Eighteenth Street intersection, traveling northerly along the north-bound track; that when it neared the safety zone on the southerly side

of the intersection it turned off the track to the right to go around the safety zone, and upon passing the safety zone and reaching the middle of the intersection it turned back again slightly toward the north-bound track, at which time he had reached a point about midway between the north-bound track and the east curb line of Valencia Street and that just as he was about to step up on the curb he was struck by the automobile and knocked part way up on the sidewalk, the automobile proceeding on about ten feet, and running part way up on the sidewalk before it was brought to a stop. He further testified that the weather was clear and dry. The driver's view of the Eighteenth Street intersection was "obstructed", as that term is defined by section 113 of the California Vehicle Act [Stats. 1923, p. 517], and consequently the limitation of speed across the intersection was 15 miles an hour. Respondent testified that on approaching and entering the intersection the automobile was traveling between twenty-five and thirty miles an hour.

Appellant testified in substance that upon observing the approach of the south-bound Valencia Street car he turned off of the north-bound car track to the right and proceeded to drive between the north-bound track and the east curb of the street; that he crossed the intersection at a speed of fifteen miles an hour, and then increased his speed to twenty-two miles an hour, at which time he saw respondent approximately thirty feet in front of him and about eight feet to his left, on the easterly rail of the north-bound track; that at that time respondent was running toward the east side of Valencia Street, and that he continued to run in front of his automobile until he reached a point about twenty-five feet northerly of the northeast corner of the sidewalk, where the accident occurred.

It is evident from the foregoing that there is a sharp conflict in the evidence as to all the essential facts, and consequently regardless of the exact speed the automobile was being operated across the intersection, it was purely a question of fact for the jury to determine from all the evidence before it whether the accident was caused, as respondent claims, by the negligent operation of the automobile, in that the driver thereof failed to see respondent until he was only thirty feet away; or whether, as appellant claims, respondent was guilty of contributory

negligence in running heedlessly in front of the approaching automobile, thereby failing to use ordinary care for his own safety. And the jury having accepted and acted upon the testimony of respondent, which is legally sufficient to sustain the verdict, its decision in the matter is controlling on appeal (*Firth* v. *Southern Pac. Co.*, 44 Cal. App. 511 [186 Pac. 815]; *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086]; *Darling* v. *Pacific Elec. R. Co.*, 197 Cal. 702 [242 Pac. 703]).

Nor has appellant pointed out any error in the instructions which in our opinion would justify a reversal of the judgment. ■ Instruction number 2, fairly interpreted, is not open to the objection that it assumes negligence on the part of the appellant, the words at the beginning thereof being "If you believe from the evidence", etc. (*State Compensation Ins. Fund* v. *Lamb,* 96 Cal. App. 236 [273 Pac. 1080]; *Dougherty* v. *Ellingson* 97 Cal. App. 87 [275 Pac. 456]; *Baillargeon* v. *Myers,* 180 Cal. 504 [182 Pac. 37]); and the doctrine of proximate cause was amply covered in several other instructions. ■ Appellant concedes that the substance of instruction 4 "strictly speaking . . . is true". It was to the effect that if the defendant could by the exercise of ordinary care have avoided the accident, then it was not an unavoidable accident; and we find nothing in the wording thereof which is either argumentative or misleading. ■ Instruction number 6 was based upon the testimony given by respondent, and the objection appellant makes to it is grounded upon the assumption that the contradictory testimony given by appellant was true. It is well settled, however, that each party is entitled to instructions based on his theory of the case providing there is evidence to support it (*Brooks* v. *City of Monterey,* 106 Cal. App. 649 [290 Pac. 540]; *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]). Therefore instruction number 6 was not erroneous. ■ Instruction number 7 was to the effect that the driver of an automobile must at all times have his automobile under proper control; and appellant contends that the instruction is erroneous in omitting to define what is proper control. The words "proper control", as used in this regard, are essentially no different from those of similar import, such as "proper lookout", "proper", "reasonable precaution",

and "due care", etc., the use of which has been approved. (*Burk* v. *Extrafine Bread Bakery*, 208 Cal. 105 [280 Pac. 522]; *Ballos* v. *Natural*, 93 Cal. App. 601 [269 Pac. 972]; *Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739]; *Raymond* v. *Hill, supra; City of Sacramento* v. *Hunger*, 79 Cal. App. 234 [249 Pac. 223].) Moreover, the charge of the court covers twenty pages of the typewritten transcript, and many of the instructions given, of which a considerable number were proposed by appellant, dealt with the duties and obligations imposed upon the driver of an automobile under the circumstances here present. Therefore, reading the instructions as a whole, the jury was amply instructed upon the subject of proper control. The case of *Hesler* v. *California Hospital Company*, 178 Cal. 764 [174 Pac. 654], is not in point, for there the question of what constituted "proper care" had relation to the technical and professional skill required in the treatment of a patient in a hospital.

The court used the words "negligent defendant" in instruction 18, in stating the law as to contributory negligence, but upon reading the entire instruction it would seem that the words were used in a hypothetical sense; and there is no reason to believe that the jury did not so understand it. The words "the proximate cause of", as used in instruction number 19 were immediately followed by the words "or proximately contributed to". The instruction consequently correctly stated the law. Instruction number 20 was clearly proper (*Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]; *Loggie* v. *Interstate Transit Co.*, 108 Cal. App. 165 [291 Pac. 618]).

The judgment is affirmed.