[Civ. No. 6865. First Appellate District, Division One.—February 25, 1931.]

FLORENCE EDGAR, a Minor, etc., Respondent, v. FRANK CITRARO, Appellant.

Cooley, Crowley & Gallagher and Cooley, Crowley & Supple for Appellant.

Vincent W. Hallinan for Respondent.

THE COURT.—Two automobiles driven respectively by the defendants Frank Citraro and C. D. Pratt collided at the intersection of Julian and Fifth Streets in San Jose about 8 o'clock in the evening. Riding with Citraro at the time were Mrs. Rose Edgar, her minor children Florence and John, and her sister, Mrs. Frances P. Traylen, all of whom were more or less injured. Five actions for damages grew out of the accident. Four were instituted by the

injured parties, and the fifth by the parents of Florence Edgar to recover the damages they claimed to have sustained on account of the injuries to their daughter. In all of them Citraro and Pratt were joined as parties defendant, it being charged that the accident resulted from their concurrent negligence.

The actions brought by Florence Edgar and Mrs. Traylen were tried separately before juries and verdicts were rendered against both defendants. The action brought by Edgar and his wife for damages resulting to them on account of the injuries to their daughter Florence, and the one brought by the boy in his own behalf were tried together before a jury, and a verdict against both defendants was awarded in favor of Edgar and his wife, but it does not appear from the record before us what disposition was made of the boy's action. The fifth action, wherein Edgar and his wife sought to recover damages for the personal injuries she sustained was tried before the court, sitting without a jury, and the court also found against both defendants. Citraro and Pratt took separate appeals from each judgment. Consequently there are eight appeals, each being presented on a separate record. (Nos. 6865, 6866, 6867, 6868, 6905, 6916, 7069, 7070 [297 Pac. 649–654].) In all of the trials the evidence relating to the cause of the accident was substantially the same. Whatever difference there is will be noted in the opinions filed in the other cases. In the appeals from the judgments obtained in the jury trials the assignments of error relate to the giving and refusal to give certain instructions; and in the remaining appeal the main point urged is that the court erred in denying defendants' applications to file amended answers.

Citraro was driving westerly along Julian Street, which is 40 feet wide between curbs, and Pratt was driving southerly along Fifth Street, which between curbs is 60 feet wide. The view of the intersection was admittedly obstructed, as that term is defined by section 113 of the California Vehicle Act, and consequently under the provisions of said section it was unlawful to traverse the same at a speed greater than 15 miles an hour. Citraro entered the intersection first, and had nearly reached the other side when the machines collided, the front end of Pratt's car

striking Citraro's near the right rear end, immediately following which Citraro's car overturned twice. Pratt admits that when he was still 30 feet north of the intersection, traveling at a speed of 25 to 30 miles an hour, he saw Citraro enter the intersection, and that by applying the brakes of his car with full force he could have brought it to a standstill within a distance of 35 feet; but that he did not so apply them until he reached the intersecting line of Julian Street. He was then only 20 feet distant from the pathway of the oncoming Citraro machine, too close to avert a collision therewith. Citraro admits, too, that he was traveling across the intersection at a speed in excess of 15 miles an hour, and that when he entered the intersection he looked up Fifth Street and saw the approach of the Pratt car, traveling as he claims at a speed of about 45 miles an hour, but that he "kept going right across Fifth street, picking up speed a little until the collision". None of the parties riding with Citraro were aware of the presence of the Pratt car until the cars collided. The impact occurred within the intersection 20 feet south of the intersecting line of Julian Street, and within five feet of the westerly curb line of Fifth Street.

In the present action, wherein Florence Edgar was awarded damages for the injuries she received, one of the numerous instructions given was as follows: "Under the evidence in this case, the defendant C. D. Pratt is admittedly guilty of negligence, and the questions, therefore, which you are to determine before liability can attach to the defendants are whether or not the plaintiff Florence Edgar was guilty of contributory negligence." Both appellants contend that the instruction is erroneous in that it omits the element of proximate cause. ▮ It is doubtless the rule that where a so-called "formula" instruction is given, directing a verdict in the event the jury finds certain facts to be true, it must embrace all the elements essential to a recovery, and that the omission therefrom of any of such elements amounts to error, the prejudicial effect of which is not overcome by the inclusion of the omitted elements in other instructions (*Starr* v. *Los Angeles R. Corp.*, 187 Cal. 270 [201 Pac. 599]). ▮ But as will be noted, the foregoing instruction does not in terms direct a

verdict, and the record discloses that the court gave no less than seven other instructions wherein the doctrine of proximate cause was fully and completely covered (see instructions VIII, X, XII, XIII, XIV, XIX, and XX, as set forth in transcript No. 6865). It is apparent, therefore, that the instruction complained of was not intended by the court as a "formula" instruction, and when all the instructions are read and considered together it seems wholly unlikely that the jury accepted it as such or was misled by the omission of the element of proximate cause from this single instruction. The situation falls, therefore, within the rule applied in the case of *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237], and does not warrant a reversal. (See, also, *Robinet* v. *Hawks*, 200 Cal. 265 [252 Pac. 1045]; *Towne* v. *Godeau*, 70 Cal. App. 148 [232 Pac. 1010].)

The defendant Pratt makes the separate contention that the court erred in stating to the jury that he was admittedly guilty of negligence, claiming that the nature of his testimony was such as to raise a conflict on that point. This contention cannot be maintained, however, in the face of the evidence showing beyond question that he entered and was traversing the intersection at a speed greater than 15 miles an hour; and furthermore, according to his own admissions, after seeing Citraro enter the intersection, and without the slightest excuse or reason, he failed to bring his car to a stop, or even under control, within a distance of 50 feet, which he admits he easily could have done; and even though, as he claims, after seeing Citraro enter the intersection he "gradually slowed down" from 25 or 30 miles an hour to a speed of not more than 15 miles an hour at the point of collision, it follows necessarily that from the intersecting line to the point of the collision, a distance of 20 feet within the intersection, his speed must have been in excess of 15 miles an hour. The cases the defendant Pratt relies upon in furtherance of his theory as to the latter point are not pertinent here because they involve the construction of the provisions of the previous Vehicle Act of 1913, fixing a speed limit of 10 miles an hour "on approaching" an intersection where the driver's view was obstructed, which is essentially different from the provisions

of the Vehicle Act of 1923, in force at the time this accident happened, which fixes a speed limit of 15 miles an hour "in traversing" an intersection, etc.

The court also instructed the jury that if it found that Citraro and Pratt were traversing said intersection at a speed in excess of 15 miles an hour, they were guilty of negligence "as a matter of law", and if it further found that such negligence was the proximate cause of the accident and that plaintiff herself was free from contributory negligence, plaintiff was entitled to a verdict. Both defendants contend that under the provisions of section 113 of the Vehicle Act of 1923 (Stats. 1923, p. 517), which as stated was in force at the time this accident took place, it was not negligence "as a matter of law" to traverse an intersection at a speed greater than 15 miles an hour, but was only *prima facie* evidence of negligence, and that consequently the instruction was erroneous. We find no merit in the contention. Subdivision b, 2, of said section 113 declares that "subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this act, it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding . . . fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed. . . . " And it has been held in the case of *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045], in quoting approvingly from an earlier case (*Scragg* v. *Sallee,* 24 Cal. App. 133, 144 [140 Pac. 706, 710]), that it is "strictly correct" to instruct a jury that the act of driving a vehicle over a street or public highway beyond the statutory speed limit is "of itself negligence", or "negligence as a matter of law" or "negligence *per se*". The more recent case of *Loggie* v. *Interstate Transit Co.,* 108 Cal. App. 165 [291 Pac. 618], holds to the same effect.

Aside from what is said in those cases, we think it evident from an analysis of the different provisions of said section 113, first, that the qualifying clause "subject to the provisions of subdivision (a) of this section", as employed at the beginning of subdivision (b), means simply that even though a vehicle is driven within the maximum speed fixed by subdivision (b) of said section it is nevertheless an unlawful speed if it is greater than is reasonable and proper,

having regard to the traffic, surface, and width, of the highway, or is such as to endanger the life, limb, or property of any person. (Subd. c, sec. 113.) Such was the construction given to the provisions of the previous Vehicle Act (*Cook* v. *Miller*, 175 Cal. 497 [166 Pac. 316]; *Garns* v. *Halpern*, 193 Cal. 193 [223 Pac. 545]), and the same construction has been placed on the Act of 1923 (*Truitner* v. *Knight*, 83 Cal. App. 655 [257 Pac. 447]; *Davis* v. *Brown*, 92 Cal. App. 20 [267 Pac. 754]; *City of Sacramento* v. *Hunger*, 79 Cal. App. 234 [249 Pac. 223]). ■ And secondly, when the provisions of subdivision (c) of said section 113, which purport to declare the legal status of evidence establishing violations of the speed restrictions fixed by said section, are read along with the provisions of sections 153 and 154 of said act, relating to the arrest of the violators and the institution against them of criminal proceedings, it is clear that the provisions of said subdivision (c) of said section 113 were intended to be controlling only in criminal proceedings. Moreover, our attention has been called to no case, nor have we been able to find any, holding that a complaint in a civil action for negligence, based upon a violation of the statutory speed restrictions fixed by subdivision (b) of section 113 of the Vehicle Act "shall specify" as provided in subdivision (c) thereof "approximately the speed at which the defendant is alleged to have driven and exactly the lawful speed at the time and place of the alleged offense". And manifestly, to adopt defendants' contentions in this regard would be to establish in negligence cases involving violations of the speed restrictions of the Vehicle Act a standard of proof entirely different from the one heretofore governing such cases, and wholly contrary to the one prevailing in cases of negligence based upon all other statutory violations. We are not prepared to hold that such was the intention of the legislature in enacting subdivision (c) of said section 113.

■ The defendant Pratt complains also of the refusal to instruct the jury in his behalf that it is presumed that every man obeys the law, and that consequently in the present case it must be presumed that he was at all times operating his automobile "at the legal speed limit" and in

a careful and prudent manner. As already pointed out, however, the evidence was legally sufficient to justify the trial court in holding that he was guilty of negligence as a matter of law; and the jury was so instructed. That being so, he was not entitled to the benefit of the presumption that he was at all times operating his automobile in a lawful manner.

The defendant Citraro assigns as error the giving and refusal to give a number of other instructions, but we find no merit in any of his objections. Instruction number XLII proposed by him, embodying the legal principle that it is presumed that every man obeys the law, was properly refused because the subject matter thereof was fully covered in instruction number XXVI which the court gave. The main portion of instruction number VI relating to the doctrine of contributory negligence as given by the court is not included in the quotation in defendant's brief, and upon examining the instruction it will be found that the entire instruction as given conforms to the law as laid down in the case of *Dowd* v. *Atlas Taxi Co.,* 187 Cal. 523 [202 Pac. 870]. (See, also, *Curran* v. *Earle C. Anthony Co.,* 77 Cal. App. 462 [247 Pac. 236].) Moreover the court gave three additional instructions proposed by defendant on the same subject.

Whatever defects there may have been in instruction XX relating to the right of way at intersections was cured by six other instructions upon the same subject which were given at the request of Citraro. (See instructions XXX to XXXV inclusive.) Instructions numbers XL and XLI which the court refused to give embodied certain principles not involved in this case, and the pertinent principles therein contained were covered in instructions XXXIII and XXXV which the court gave.

The accident happened and the judgments were obtained prior to the enactment of section 141¾ of the California Vehicle Act (Stats. 1929, p. 1580), which took away the right of action of a guest in a vehicle to recover for personal injuries based on ordinary negligence of the driver, and defendant Citraro contends on all of the appeals that the provisions of said section are to be given a retrospective operation, in which case the judgments obtained against him would be nullified because admittedly

the injured parties were riding as his guests at the time of the accident, and there is no claim made that he was either intoxicated or guilty of gross negligence. The question presented has been decided adversely to defendant's contention by the recent case of *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438], which holds that the provisions of said section are to be given prospective operation, and consequently do not affect causes of action existing at the time said section became effective.

The judgment is therefore affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 23, 1931.