[Civ. No. 6866. First Appellate District, Division One.—February 25, 1931.]

FRANCES P. TRAYLEN, Respondent, v. FRANK CITRARO, Appellant.

Cooley, Crowley & Gallagher for Appellant.

Vincent W. Hallinan for Respondent.

THE COURT.—This is the second of five actions arising out of a collision which took place at the intersection of Fifth and Julian Streets in San Jose, between two automobiles driven respectively by the defendants Pratt and Cit-

raro. In four of them judgments were obtained by the plaintiffs therein and the defendants took separate appeals. The result of the fifth action does not appear. In the present action Mrs. Traylen, who was one of the passengers riding in the Citraro machine at the time of the accident, obtained a verdict for damages against both defendants for the personal injuries she received as a result of the collision. The judgment in one of the other actions has this day been affirmed (*Florence Edgar, a Minor, etc.*, v. *Citraro et al.* (No. 6865 and No. 6867), *ante*, p. 163, *post*, p. 764 [297 Pac. 645, 651]), and except as hereinafter noted, the evidence in the present case as to the manner in which the accident happened is substantially the same as in that case, and the essential facts are set forth in the opinion therein. Most of the points urged for a reversal of the judgment in the present action also are disposed of in the opinion in that case, and consequently it will be unnecessary to consider the same here.

The state of the record in the present case differs from the one in that case, however, in this: There the court instructed that Pratt was guilty of negligence as a matter of law, but left the question of Citraro's negligence for the jury to determine; whereas, here the jury was instructed that both defendants were guilty of negligence as a matter of law. The instruction read as follows: "I instruct you that under the evidence in this case that the defendants are, and each of them is, as a matter of law, guilty of negligence and the question which you are to determine before liability can attach to defendants, and before any question of damage should be considered by you, is whether or not the plaintiff Frances P. Traylen, was guilty of contributory negligence."

The evidence is legally sufficient to sustain the trial court's conclusion that both defendants were guilty of negligence as a matter of law. In addition to the testimony given in the Florence Edgar case Pratt admitted here that when he crossed the intersecting curb line of Julian Street into the intersection he was traveling 20 miles an hour, which clearly established a violation of the statutory speed restriction (subd. b, 2, sec. 113, California Vehicle Act [Stats. 1923, p. 553]); and Citraro did not take the witness-stand at all in the present case, and the testimony given by

others was to the effect that he was traveling across the intersection at a speed greater than 15 miles an hour, and therefore in violation of the provisions of the Vehicle Act above cited.

Both appellants contend here, as in the Florence Edgar case, that the form of the instruction given was erroneous in that it omitted the element of proximate cause; but as pointed out in our opinion in that case, the form of the instruction does not bring it within the classification of a so-called "formula" instruction, and consequently if the element of proximate cause was covered by any other instruction a reversal is not warranted. Such an instruction was given in the present case at the request of the defendant Pratt. It was as follows: "Plaintiff having alleged that she has been damaged by the careless and negligent act of the defendants as set forth in her complaint, the burden of proving affirmatively by a preponderance of the evidence every fact and circumstance necessary to make out her case is cast upon her; the law presumes nothing against the defendants or either of them; the law casts upon the plaintiff the burden of proving by a preponderance of the evidence that the plaintiff was injured and damaged through the careless and negligent act of the defendants or either of them *as alleged in her complaint* and that such careless and negligent act on the part of the defendants *was the proximate cause of such injury and damage as is alleged in the complaint,* otherwise you must render a verdict for the defendants." (Italics ours.) It is evident, therefore, that the omission to include the element of proximate cause in the instruction complained of was not prejudicial. (*Wirthman* v. *Isenstein,* 182 Cal. 108 [187 Pac. 12]; *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390 [264 Pac. 237]; *Robinet* v. *Hawks,* 200 Cal. 265 [252 Pac. 1045]; *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010].)

Furthermore, it is well settled that the question of proximate cause, like those of negligence and contributory negligence, becomes one of law where the facts are uncontroverted and only one deduction or inference is deducible therefrom. (20 R. C. L., p. 148; 45 Cor. Jur., pp. 1320, 1322.) And in the present case it would appear as a mathematical certainty that if either defendant had been traveling across the intersection within the statutory speed

limit, or had slackened his speed after having seen the approach of the other, the two machines would not have reached the same point at the same time and consequently there would have been no collision. In other words, it was a clear case of concurrent negligence wherein the evidence shows beyond any reasonable inference to the contrary that the negligence of each defendant contributed proximately to the happening of the accident. In this regard the case is the same in principle as *Cook* v. *Miller,* 175 Cal. 497 [316, 317]. and *Berges* v. *Guthrie,* 51 Cal. App. 547 [197 Pac. 356, 357], which holds that where, as here, a collision occurs between two automobiles while the respective drivers thereof are violating the statutory traffic regulations, and would not have occurred had either of them observed the provisions of the statute, the accident is the result of their concurrent negligence and the negligence of each is the proximate cause thereof. In the present case, therefore, the issue of proximate cause was one of law, and the trial court would have been justified in refusing to give any instructions on that subject.

For the same reason the trial court did not err in refusing to give certain instructions proposed by Citraro based on his theory of the case that the "intervening, independent negligence" of Pratt was the sole proximate cause of the accident. In this regard Citraro's position is the same as if he were suing Pratt for damages, and Pratt were urging the defense of contributory negligence, for in such a case Citraro admittedly would not be entitled to a verdict in his favor if the uncontroverted evidence were sufficient to justify the court in holding as a matter of law that his negligence contributed proximately to the happening of the accident. Such was the situation in *Cook* v. *Miller, supra,* and the court therein said: "If he (the plaintiff) had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck by the motorcycle. The disobedience of the ordinance by both of them brought on this accident. It was the result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury." Also in *Berges* v. *Guthrie, supra,* wherein the judgment in favor of plain-

tiff was reversed upon the ground that he was guilty of contributory negligence as a matter of law, the court said: " . . . if the defendant had not recklessly emerged from behind the street-car without waiting to see whether an automobile was approaching from his right, which would have the right of way, he would not have struck the plaintiff. On the other hand, if the plaintiff had slackened his speed upon approaching the crossing, where his view of the road traffic was obstructed by the street car and automobile following it, defendant would have cleared the street before plaintiff reached the point of collision, or plaintiff would have had time and space to turn safely to his right into Twenty-third street and thus have avoided the accident when he saw the danger impending. It appears, therefore, that the situation here is closely analogous to the facts in the case of *Cook* v. *Miller, supra,* and that the disobedience of the ordinance by both plaintiff and defendant brought about the accident, the negligence of each being a proximate cause. Under such circumstances the plaintiff should not recover."

And so in the present case if Citraro had been traveling across the intersection at the lawful rate of speed of 15 miles an hour, or had reduced his speed to the lawful rate upon seeing the rapid approach of the Pratt machine, he would not have reached the pathway of the Pratt machine and consequently would not have been struck thereby; or if Pratt had been traveling at a lawful rate of speed, or had applied his brakes with full force upon seeing Citraro enter the intersection he would not have struck the Citraro machine.

The instructions proposed by Citraro to the effect that he was entitled to the presumption that every man obeys the law were properly refused because, as pointed out in our decision in the Florence Edgar case with respect to similar instructions proposed by Pratt, the evidence established and the jury was instructed that Citraro was guilty of negligence as a matter of law. The remaining points urged in furtherance of these appeals are answered and disposed of adversely to defendants' contentions in the Florence Edgar case.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 23, 1931.