[Civ. No. 7927. First Appellate District, Division Two.—September 15, 1931.]

GERTRUDE TAYLOR, Respondent, v. DAVID COCKRELL, Appellant.

THEOPHILE GOFF, Respondent, v. DAVID COCKRELL, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Kilpatrick & Goodman for Respondents.

NOURSE, P. J.—The two plaintiffs sued separately for damages for personal injuries. By stipulation the causes were tried together before the same jury. The plaintiff Taylor had a verdict for $1,000; the plaintiff Goff a verdict for $3,000. The defendant has appealed on typewritten transcripts and, by order of court, these appeals have been heard jointly.

The two plaintiffs were guests of the defendant, who was driving an automobile owned by him along the public highway running from Dublin to Walnut Creek at about midnight of September 18, 1929. The paved portion of this highway is banked in the middle for a width of about four feet to a height of four inches. Defendant was driving at a high rate of speed—in excess of sixty miles an hour—passing other cars on the highway, to show his guests ''what this Lincoln will do''. On approaching a sharp curve in the road beyond which a concrete bridge was maintained, defendant passed another car going in the same direction and crashed into the bridge, causing the injuries complained of. Defendant was thoroughly familiar with the highway; knew the conditions of the curve, and the location of the bridge. He refused to heed the frequent pleas of his guests to slacken his speed, but took the curve at the same high rate of speed and did not see the bridge until the car struck it.

On this appeal two points are raised—that the evidence does not show gross negligence, and that the trial judge erroneously instructed the jury that violation of the California Vehicle Act was negligence *per se*.

As the respondents were both guests of the appellant it was necessary for them to show gross negligence or wilful misconduct under the provisions of section 141¾ of the

California Vehicle Act (Deering's Gen. Laws, 1929 Supp., Act 5128, p. 3470), and under the issues framed by the pleadings. ██ "Gross negligence is the want of slight diligence . . . an entire failure to exercise care . . . that entire want of care which would raise a presumption of the conscious indifference to consequences." (*Redington* v. *Pacific P. T. C. Co.*, 107 Cal. 317, 324 [48 Am. St. Rep. 132, 40 Pac. 432]; *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]; *Malone et al.* v. *Clemow et al.*, 111 Cal. App. 13 [295 Pac. 70]; *Kastel, etc.*, v. *Stieber*, *(Cal. App.) [297 Pac. 932]; 19 Cal. Jur., p. 554.) ██ When liability attaches only for gross negligence, it is for the jury, under proper instructions, to pass upon the question whether such negligence exists. (*Krause* v. *Rarity, supra; Malone et al.* v. *Clemow et al., supra.*)

██ The jury was fully instructed as to the necessity of finding the appellant guilty of gross negligence before it could give a verdict for respondents. Gross negligence was defined in the language approved in the decisions above cited. The evidence which we have recited in the statement of facts is alone sufficient to warrant a finding of gross negligence—"an entire failure to exercise care". It is not necessary to refer to the evidence offered by appellant to combat this issue. It is sufficient to say that it is pitifully weak and that the jury was not bound to follow it. In the testimony of the witnesses this curve is described as a "sharp" curve. Diagrams and plats were in evidence showing the physical conditions of the highway where the accident occurred. From all these facts the jury could reasonably conclude that appellant's manner of operation of the vehicle was with "an entire failure to exercise care". Thus if the jury concluded from this evidence, and we may presume from its verdict that it did so, that the appellant did not exercise any care, there was ample evidence to support such conclusion. And this in turn would warrant the finding of gross negligence.

The instruction that violation of the state statute regulating speed of motor vehicles was in accordance with the rule of the decisions holding that violation of a statute, where damage has followed the infraction, is negligence of itself, or negligence *"per se"*. (*Benjamin.* v. *Noonan,* 207 Cal. 279, 283 [277 Pac. 1045]; *Kastel* v. *Stieber, supra.*) Here the jury was instructed as to what constituted simple negligence; it was then advised as to what constituted gross negligence; and finally, that it was not sufficient to find the appellant guilty of simple negligence. As to the particular instruction complained of, reading it with the instruction upon gross negligence, the jury was advised that the violation of the speed statute was simple negligence, but that that alone was not sufficient to constitute gross negligence. The instructions as a whole were fair to appellant, and he has no cause for complaint.

The judgments are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.