H. P. FITZPATRICK, Respondent, v. W. E. HASKELL
et al., Appellants.

Culver & Nourse, Paul Nourse and Forrest A. Butts for
Appellants.

Richard A. Dunnigan for Respondent.

ALLISON, J., *pro tem.*—This action was tried before a
jury. The plaintiff was awarded a judgment in the sum of
$3,000 as damages for personal injuries sustained when an
automobile operated by the defendants collided with an auto-
mobile driven by the plaintiff. The collision occurred on the

twelfth day of July, 1926, at the intersection of Alvarado Street and Twelfth Street in the city of Los Angeles. From this judgment the defendants appeal.

It is first contended by the appellants that the evidence is insufficient to support the verdict and judgment. Counsel's argument in support of his contention is based entirely upon a discussion of the weight of the evidence. We have examined the record which shows a substantial conflict in the evidence adduced by the whole case concerning the cause of the collision and the conduct of the parties at the time of, as well as before and immediately following the accident.

"It is the well settled and generally well understood rule that a judgment may not be reversed for insufficiency of evidence when the evidence adduced upon the whole case is in conflict and that upon appeal with the evidence in that situation no inquiry may be made concerning the preponderance of the evidence." (*Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891, 892], and cases there cited.)

It also appears from the record that when plaintiff rested his case substantial evidence was before the court which legally tended to support his cause of action and therefore defendant's motion for a nonsuit was properly denied (*Townsend* v. *Keith*, 34 Cal. App. 564 [168 Pac. 402]).

Appellants next insist that the court erred in giving instructions numbered 4 and 15 to the general effect that a definite rate of speed was negligence *per se*. Before the case was submitted to the jury the court withdrew from their consideration instruction No. 15, and instructed the jury to disregard the same. It was stipulated during the trial that the intersection of Alvarado and Twelfth Streets, the intersection in which the collision occurred, was under the law an obstructed intersection that is to say that the view of traffic approaching within 200 feet of the intersection was obstructed within the last 100 feet approaching said intersection from the two directions from which the respondent and appellants approached. Section 113, subdivisions a and b of the California Vehicle Act, among other things, provides the rule for determining "when the driver's view is obstructed", and provides that it shall be lawful for the driver of a vehicle to drive the same at a speed

not exceeding 15 miles per hour traversing such view obstructed intersection.

In the remaining questioned instruction the court told the jury that if they found from a preponderance of the evidence that the defendant at the time of the alleged accident did drive his automobile into said intersection at a greater speed than 15 miles per hour that in itself constituted negligence on the part of the defendant and if they further found from a preponderance of the evidence that the defendant did drive in excess of 15 miles per hour into said intersection and that was the proximate cause of the accident then their verdict must be for the plaintiff provided they further found from the evidence that the plaintiff himself was free from any negligence that proximately contributed to the accident. In view of the speed limit specifically fixed by section 113 of the California Vehicle Act, *supra*, it was clearly within the province of the trial court to instruct the jury that a speed in excess of the speed limit so fixed for traversing said intersection was and is negligence *per se*.

Instructions to the effect that it is negligence *per se* for a person to drive a motor vehicle faster than the permissive speed specified in section 113 of the California Vehicle Act have been approved so frequently that their correctness cannot now be questioned (*Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]; *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]; *Young Machinery Co.* v. *Cupps*, (Cal.) 2 Pac. (2d) 321; *Cassinelli* v. *Bennen*, 110 Cal. App. 722 [294 Pac. 748]; *Edgar* v. *Citraro*, 112 Cal. App. 165 [297 Pac. 645]; *Kastel* v. *Steiber*, (Cal. App.) 297 Pac. 932; *Machado* v. *Harm*, 112 Cal. App. 748 [297 Pac. 626]). There are numerous other recent cases to the same effect.

The instruction in question is not in our opinion open to the criticism urged. We find no prejudicial error in the record.

Judgment affirmed.

Jennings, Acting P. J., and Marks, J., concurred.