[L. A. No. 14643. In Bank.—March 27, 1935.]

CHARLES W. MORRIS, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

Frank Karr, E. E. Morris and C. W. Cornell for Appellants.

Swaffield & Swaffield, Roland G. Swaffield, Kenneth Sperry and Joseph E. Madden for Respondent.

THE COURT.—The plaintiff brought this action to recover damages for personal injuries suffered by him and for the wrongful death of his wife resulting from a collision of the plaintiff's automobile with a freight engine operated by the defendant Preston, an employee of the defendant Pacific Electric Railway Company. Judgment went for the plaintiff and the defendants have appealed.

The accident occurred at approximately 2 o'clock on the morning of June 5, 1929, at a point where Central Avenue in the city of Los Angeles intersects the tracks of the defendant company. The conclusion we have reached makes it unnecessary to state the facts at great length. There was evidence from which the jury might reasonably conclude that the defendants at the time of the accident were negligent in their operation of the freight engine. The evidence addressed to the defense of contributory negligence was conflicting and would warrant a finding in favor of either party which finding, under settled principles, would be conclusive on appeal. However, the defendants were entitled to have the jury fully and properly instructed on such defense. As we shall presently show, they were not so instructed.

The plaintiff testified that he approached the intersection at a speed not in excess of thirty miles an hour. The defendants offered evidence tending to establish that the plaintiff, when about seventy-five feet from the intersection, was operating his automobile between forty-five and fifty miles an hour. In view of this latter evidence the defendants contend that the court below erred to their prejudice when it refused to give the following requested instruction: "You are instructed that under the Motor Vehicle

Law of this state it was unlawful for any person to drive an automobile at a greater rate of speed than forty (40) miles per hour and if you believe from the evidence that the plaintiff Mr. Morris, at and just prior to the accident, was driving his automobile at a speed greater than forty (40) miles per hour, then he was negligent as a matter of law and if such negligence contributed proximately in the slightest degree to cause the accident, then plaintiff cannot recover.''

This instruction represents a correct statement of the law as it was at the time of the accident and at the time of the trial. (*Benjamin* v. *Noonan,* 207 Cal. 279, 283 [277 Pac. 1045]; *Taylor* v. *Cockrell,* 116 Cal. App. 596, 599 [3 Pac. (2d) 16]; *Fitzpatrick* v. *Haskell,* 117 Cal. App. 684, 686 [4 Pac. (2d) 580].) In our opinion the trial court erred to the defendants' prejudice when it refused to give this instruction on the theory that ''it was not the law''. To refuse the instruction was to deprive the defendants of an absolute defense, assuming for present purposes, as we must in considering the propriety of the instruction, that the jury would accept the defendants' version of the plaintiff's manner of operating his car.

The plaintiff seeks to minimize the effect of such refusal by contending that there is an entire lack of evidence to show that his automobile was traveling as fast as forty miles an hour at the very moment of the collision. The evidence, already referred to, that the plaintiff's car when approximately seventy-five feet from the intersection, was traveling between forty-five and fifty miles an hour, was amply sufficient if construed most favorably to the defendants, as it must now be construed, to have justified the instruction. This evidence, if believed by the jury, would entitle it to conclude under proper instructions that the plaintiff was exceeding the statutory limit of speed at the time of the impact. If the jury could so find, then the plaintiff was negligent as a matter of law, and his negligence, if also found to have contributed proximately to the accident, would preclude a recovery.

The plaintiff next contends that the refusal to give such instruction, even though it be error, should not be held to be prejudicial, inasmuch as the legislature subsequent to the time of the accident and subsequent to the trial, and

while this appeal was pending amended section 113 of the California Vehicle Act (Stats. 1931, p. 2121), to provide that a driver exceeding the speed limits therein designated shall not be deemed to have been negligent as a matter of law, but the burden shall be upon the opposing party to establish that the operation of the vehicle at such speed constituted negligence. He urges that the amendment worked a mere procedural change—a change in the rule of evidence—which is applicable alike to all actions, including those pending at the time of its enactment and which had accrued prior thereto.

If, as the plaintiff contends, the amendment effects merely a procedural change, and does not affect a substantive right, it would be idle to reverse the judgment because of the refusal to give the instruction, inasmuch as on a retrial such an instruction would be improper. (10 R. C. L., pp. 863, 864; 6 R. C. L., pp. 462, 463; 12 Cor. Jur. 982, 983; 59 Cor. Jur. 1174, 1175; 5 Cal. Jur., p. 747.) The foregoing texts and the cases cited therein establish that the legislature may make changes in or create rules of evidence which are applicable to existing causes of action. As pointed out in *Estate of Patterson*, 155 Cal. 626, 638 [102 Pac. 941, 132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (N. S.) 654], the operation of such procedural changes is prospective only. They operate on existing causes of action and defenses, and it is a misnomer to designate them as having retrospective effect. The same and other authorities indicate that the legislature may not, under pretense of regulating procedure or rules of evidence, deprive a party of a substantive right, such as a good cause of action or an absolute or a substantial defense which existed theretofore. (*Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327].) By the decision in the case of *James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082], it is shown that the legislature, by changing the law as to the speed of trolley cars, may not deprive a plaintiff of a cause of action based on a violation of the law as to the rate of speed which existed at the time of the injury. At the time of the accident involved herein the defendant had an absolute defense, based upon the finding which the jury could have made in its favor on the evidence. In such event the issue would be removed to the realm of law and the jury would then have

been deprived of any discretion in the premises. To apply the amendment now so as to cut off such a substantial defense would be arbitrary and unjust. The legislature did not assume to make the amendment retrospective and under the circumstances the court is not warranted in doing so.

The plaintiff relies on the case of *Pilcher* v. *Tanner Motor Livery,* 138 Cal. App. 558 [33 Pac. (2d) 58]. The decision in that case rested on the assumption that section 113 (d) of the California Vehicle Act regulated a procedural change only, without an analysis or discussion of the effect of the amendment on preexisting substantive rights. The record in that case shows that the disposition of the petition for hearing in the Supreme Court after decision of the District Court of Appeal was pursuant to the stipulation of the parties. The holding in that case must therefore be deemed to be superseded by the ruling herein.

The judgment is reversed.

Rehearing denied.