[Civ. No. 19828.  Second Dist., Div. Three.  Apr. 8, 1954.]

LEWIS W. RIDEAU et al., Respondents, v. LOS ANGELES TRANSIT LINES (a Corporation) et al., Appellants.

Trippet, Newcomer, Yoakum & Thomas and Melvin L. R. Harris for Appellants.

Getz, Aikens & Manning, Thomas C. Murphy and DeWitt Morgan Manning for Respondents.

VALLÉE, J.—Appeal by defendants from an adverse judgment in an action for damages for personal injuries. Plaintiff Lewis W. Rideau will be referred to as "plaintiff."

On January 8, 1952, about 11 a. m., plaintiff drove a small tow truck north on Main Street toward 23d Street in Los Angeles. The weather was clear and the street dry. Before reaching 23d Street he had driven for four or five blocks in the lane of traffic next to the center of Main Street, in which lane there were tracks of defendant Los Angeles Transit Lines. When he reached 23d Street he stopped in obedience to a traffic signal. About 8 or 10 seconds later and before the traffic signal changed from "Stop" to "Go" his truck was struck in the rear by one of the defendant Transit Lines' northbound streetcars operated by defendant Adams. Plaintiff was severely injured, including an aggravation of a previous spondylolisthesis of the fifth lumbar vertebra, a sliding over of the vertebra.

Six weeks before the present accident, in December, 1951, plaintiff was involved in an accident with a Greyhound bus and had suffered injuries to his neck and upper back; the lower back was not injured.

Defendants claim the court erred in permitting a physician to testify that pains which plaintiff suffered in the lower back could be attributed to and caused by the streetcar. Plaintiff's counsel asked the physician: "Then, in your opinion, Doctor, could the pains be attributed and caused by that second accident?" Defendants objected to the question as being too indefinite and vague. The question was reworded:

"In your opinion, then, these low back pains which we have mentioned of January, in view of the histories that you have first mention of them being, could you attribute them to this second accident, as being caused by the streetcar accident?" No objection was made to the revised question. The physician answered, "Very much so." Having failed to object to the revised question, defendants waived any objection thereto and are estopped from raising it for the first time on appeal. (3 Cal.Jur.2d 609, § 143.)

The trial court refused to give an instruction, requested by defendants, in the language of section 544 of the Vehicle Code, together with an instruction that violation thereof, if found, would constitute negligence as a matter of law.[1] Defendants assert error. There was no error. Defendants say the jury should have been apprised that no person should turn a vehicle from a direct course, or move right or left on a roadway, unless and until such movement can be made with reasonable safety. Such refusal, they assert, prevented the jury's consideration of their theory that plaintiff had turned suddenly in front of the streetcar.

■ It is the duty of the court to instruct on every theory of the case finding support in the evidence. (*Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 623 [255 P.2d 785].) ■ However, we find nothing in the evidence, direct or circumstantial, suggestive of the situation described in the requested instruction. The instruction invited the jury to speculate that plaintiff suddenly turned in front of the streetcar. Such a conclusion is unjustified under any possible construction of the evidence. Plaintiff testified that for four or five blocks before reaching 23d Street he had traveled

---

[1] "You are instructed that Section 544 of the Vehicle Code of the State of California provides as follows:

"Section 544—Turning (and Stopping) Movements and Required Signals.

" '(a) No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.

" '(b) Any signal of intention to turn right or left shall be given continuously during the last 50 feet traveled by the vehicle before turning.

" '(c) No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.'

"If you should find from the evidence that the plaintiff Lewis Rideau conducted himself in violation of Section 544, you are instructed that such conduct constituted negligence as a matter of law."

in the same lane as the streetcar tracks and that he had been stopped 8 or 10 seconds before the streetcar struck him. The motorman testified that when he was 145 feet from the intersection his attention was directed toward a car that was leaving the gas station on the southeast corner, and not until his streetcar struck the tow truck did he see it. A passenger on the streetcar saw the truck when it was standing still for the signal at the intersection; at which time the streetcar was at least 24 feet behind it. The record is void of any evidence, direct or circumstantial, or of any inference, that plaintiff was driving parallel with the streetcar and then suddenly turned in front of the car. Defendants' theory that plaintiff suddenly turned in front of the streetcar finds no support in the evidence.

At the request of plaintiff the court gave an instruction to the effect that the testimony of one witness worthy of belief is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony.[2] Defendants claim error. It was error to give this instruction. It is not a correct statement of the law. We condemned it in *Long* v. *Standard Oil Co.,* 92 Cal.App.2d 455, 462 [207 P.2d 837], and in *Ford* v. *Chesley Transp. Co.,* 101 Cal.App.2d 548, 554 [225 P.2d 997], and it was condemned by the Supreme Court in *People* v. *Kirkes,* 39 Cal.2d 719, 728 [249 P.2d 1]. We think, however, that in the present case the giving of the instruction was not prejudicial. The evidence is uncontradicted that the motorman did not see plaintiff or his truck prior to the time the streetcar struck the stopped truck; that before the impact the motorman's head was turned to the right watching something else instead of looking straight ahead. It is undisputed that the truck was stopped at the intersection 8 or 10 seconds before the streetcar ran into it. There is no contention that the implied finding of the jury that the motorman was negligent is without support in the evidence. There is no showing that a different result would have been probable had this instruction not been given. The error in giving the instruction is not, on the facts of this case, sufficient ground for a reversal.

---

[2] "The testimony of one witness worthy of belief is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even if a number of witnesses have testified to the contrary, if from the whose case, considering the credibility of witnesses and after weighing the various factors of evidence, you should believe that there is a balance of probability pointing to the accuracy and honesty of the one witness."

■ The court refused to give an instruction requested by defendants to the effect that the jury must not consider the questions of injuries or damages prior to determining the question of liability or to allow the questions of injuries or damages to affect their judgment in any way in determining the question of liability.[3] Defendants assert error. There was no error. The subject matter of the instruction was fully covered by the instructions given. The jury was told that the burden was on plaintiff to prove that defendants were negligent and that such negligence was a proximate cause of injuries to plaintiff, and that if plaintiff had not fulfilled this burden the verdict should be for defendants. Ten instructions were given pertaining to negligence and contributory negligence. The jury was also told that they were to award damages only if they found that plaintiff was entitled to a verdict.

■ Defendants assert the evidence does not support the claim that plaintiff's spondylolisthesis proximately resulted from the streetcar accident. This contention is based on the erroneous premise that plaintiff was awarded damages on the theory that the streetcar accident caused the spondylolisthesis. There was evidence to the effect that the syondylolisthesis had existed prior to the accident; that as a proximate result of the streetcar accident plaintiff suffered severe injuries, including aggravation of the previous spondylolisthesis condition. In support of the judgment we must presume that the jury awarded plaintiff damages for these injuries and not for the previous condition.

■ A plaintiff is entitled to recover for the aggravation of a physical condition. (*Campbell* v. *Los Angeles Traction Co.*, 137 Cal. 565, 568 [70 P. 624]; *Smith* v. *Schumacker*, 30 Cal.App.2d 251, 263 [85 P.2d 967].) The tort feasor takes the person he injures as he finds him. ■ If, by reason of some preexisting condition, his victim is more susceptible to injury, the tort feasor is not thereby exonerated from liability. (*Jonte* v. *Key System*, 89 Cal.App.2d 654, 660

---

[3] "I instruct you that it would be a violation of your duty as jurors to consider the question of injuries or damages, if any, prior to determining the issue of liability, or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability. The first question for you to decide is whether or not the plaintiffs are entitled to recover in this action against the defendants Los Angeles Transit Lines, a corporation, and Orville C. Adams. If you find from the evidence that the plaintiffs are not entitled to recover, then it is your duty to immediately return the verdict in favor of the defendants."

[201 P.2d 562] ; *Taylor* v. *Sims,* 72 Cal.App.2d 60, 65 [164 P.2d 17].)    The contention is without merit.

Defendants also appealed from the order denying their motion for a new trial.  Since no appeal lies from the order, that appeal will be dismissed.

Appeal from order dismissed.    Judgment affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 3, 1954. Shinn, J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied June 3, 1954.