[Civ. No. 15551. First Dist., Div. One. Apr. 30, 1954.]

CARL N. NELSON, Appellant, v. PETER T. ANGEL et al.,
Respondents.

Charles A. Christin, J. W. Radil, O. A. Hunt, Rhein, Dienstag & Levin, Edward Dienstag and Jay Jackson, Jr., for Appellant.

Philander Brooks Beadle and Morton L. Silvers for Respondents.

FINLEY, J. pro tem.*—This is a second appeal in this action by plaintiff. In this instance it is from the judgment entered upon a jury verdict in favor of defendants. The notice of appeal also states that it is from the order denying plaintiff's motion for a new trial. No appeal lies from such an order. (*Reeves* v. *Reeves,* 34 Cal.2d 355 [209 P.2d 937].) The appeal from said order is therefore dismissed.

The purpose of the action is to recover damages for an alleged breach of a lease wherein appellant as lessor leased to respondents a certain building and premises located on Mason Street in San Francisco. The period of the lease was 10 years and the total rental $270,000, payable in monthly installments of $2,250 each.

Among other provisions in the lease, respondents agreed in paragraph 4 to execute and deliver to appellant and to record chattel mortgages covering all personal property in the building belonging to respondents and all subsequently acquired personal property placed therein, subject, however, to the paramount claims of the holders of any conditional sales contracts, and to provide appellant with copies of any such conditional sales contracts.

In paragraph 16 it is provided that: "The filing of any petition in bankruptcy or insolvency by or against the Lessees shall be deemed to constitute a breach of this lease and thereupon, ipso facto and without entry or other action by Lessor, this lease shall become and be terminated; and notwithstanding any other provisions of this lease, Lessor shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the amount of the rent reserved in this lease for the residue of the term hereof, less the then fair rental value of the premises for the residue of said term."

Paragraph 19 of the lease contains general provisions governing remedies of the lessor for breach. It provides that in the event of failure by lessees to pay rent or to perform or to observe any of lessees' obligations thereunder lessor might at any time thereafter, without notice or demand,

---

*Assigned by Chairman of Judicial Council.

lawfully declare the term ended and reenter the premises and that: "Upon such entry the Lessees shall be liable to the Lessor as follows: (a) for the installments of rent and other sums falling due hereunder for the period or periods after entry during which the premises remain vacant, which sums shall be payable as they become due hereunder; . . . and (c) while said premises are subject to any lease or leases made by Lessor pursuant to this paragraph, for the amount by which the monthly installments payable under such new lease or leases is less than the monthly installments of rent payable hereunder, which deficiency shall be payable monthly as the same is determined."

In paragraph 5 of the lease it is provided that Lessees might assign the lease to a California corporation organized by them provided they were not then in default "and upon the written assumption of this lease by such corporation and the compliance by said Lessees or by said corporation of the terms of paragraph 4 above relating to the security for this lease, [the chattel mortgages on the personal property] Lessees shall be personally discharged from all liability under this lease, except that Lessees shall severally remain liable to Lessor upon their covenants in said paragraph 4 to pay to the conditional vendors and to Lessor all balances due under all conditional sale contracts not later than July 31, 1948, . . ."

The lease was executed on April 30, 1947. On July 1, 1947, before there was any breach, it was assigned to and accepted by Hellenic Enterprises, Inc., a corporation. On December 13, 1947, Hellenic Enterprises, Inc., filed a petition under the Bankruptcy Act.

Appellant in his complaint claimed that respondents violated the terms of the lease in the following respects: (a) That they failed to execute and deliver to appellant the chattel mortgages referred to in paragraph 4 of the lease; (b) that they purchased personal property under conditional sales contracts and failed to furnish appellant with copies of these contracts; (c) that Hellenic Enterprises, Inc., filed a petition in bankruptcy.

During the trial it was admitted that the chattel mortgage had not been given; that copies of the conditional sales contracts were not furnished to the lessor; and it was stipulated that Hellenic Enterprises, Inc., had filed a petition for relief under the bankruptcy statutes which terminated the lease.

The first appeal herein was from the judgment following

an order sustaining a demurrer to the complaint without leave to amend, apparently on the theory that after assignment of the lease to Hellenic Enterprises, Inc., the original lessees were no longer liable thereunder. It is reported in 94 Cal.App.2d 136 [210 P.2d 256]. Therein the judgment of the trial court was reversed and it was held that according to the allegations in the complaint there had been a failure to execute the chattel mortgages and to furnish copies of the original sales contracts and that, as a matter of law, respondents were still liable for any breach of the lease.

In this appeal the parties seem to have been a bit uncertain as to just how the issues should be defined. Appellant asserts in his opening brief that the trial court was in error:

(1) In not following the law of the case as set forth in 94 Cal.App.2d 136 [210 P.2d 256];

(2) That the court improperly refused to allow a proffered amendment to the complaint which would have amended it to conform to the proof; and

(3) That the court erred in rejecting a proffered instruction.

In appellant's closing brief under the heading "Questions Involved," the issues are stated as follows:

"1. Can a lessor terminate a lease and hold the lessee for the difference between the amount of the rent reserved in the lease and the avails of a reletting, if the lease so provides?

"2. Was the refusal of the Court to so instruct the jury prejudicial error?"

In respondents' supplemental reply brief filed herein under permission granted at the time of argument, respondents disagree with this latter statement by appellant, claiming that "It fails to include the following essential considerations:

"1. The lease was *not* terminated by the lessor. It was automatically terminated pursuant to an express forfeiture clause. Such clause provided that, notwithstanding any other provisions in the lease, lessor was thereupon entitled to recover certain liquidated damages.

"2. The lessor elected to exercise his remedy of seeking recovery of such damages. The pleadings upon which the case was tried were based upon that election. After the evidence was closed, it was agreed by both sides that the only issue to be submitted to the jury was that upon which such liquidated damages depended.

"3. Not until after both sides had rested, and after such agreement as to the issue to be submitted to the jury, did

appellant request leave to amend his complaint or request the refused instruction.

"4. The proposed 'amendment to conform to proof' attempted to introduce a new issue into the case after both sides had rested. Leave to so amend was denied by the trial Court, and accordingly the requested instruction, which had no relation to the issues created by the pleadings, was refused."

 Actually the main question to be answered here is: What remedy or remedies does the lease make available to the lessor under the circumstances that while lessees were in default in other respects the lease was terminated by the filing of a petition under the Bankruptcy Act? The answer is provided in paragraph 16 of the lease, which is the only paragraph relating to a breach founded upon bankruptcy, or which treats the subject, or in which bankruptcy is even mentioned. Not only are all the considerations of breach by act of bankruptcy set forth therein, but the penalty for such a breach is prescribed and the measure of damages for such a breach specifically delineated. As stated above, it provides that in the event of a breach through filing in bankruptcy "*and notwithstanding any other provisions of this lease,* Lessor shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the amount of the rent reserved in this lease for the residue of the term hereof, less the then fair rental value of the premises for the residue of said term." (Italics added.) This language excludes any remedy other than the one specifically provided upon termination of the lease *ipso facto* by the filing of a petition in bankruptcy. Inasmuch as the parties stipulated at the commencement of the trial that the lease was "terminated by act of the Hellenic Enterprises, Incorporated, in filing this petition for an arrangement under the Bankruptcy Act," such termination abrogated the relationship of landlord and tenant and defined lessor's only remedy, for any other interpretation would render the words "notwithstanding any other provisions of this lease," nugatory and without effect or meaning. Appellant lessor does not claim injury to the premises or that he was in anywise actually damaged other than by the loss of rentals. The termination of the lease by filing in bankruptcy would, of course, not deprive lessor of his right to damages actually sustained on account of any breach under paragraph 19 of the lease. But his complaint is that the trial court restricted him to the

remedy concerning lost rentals provided in paragraph 16 when, according to his interpretation of the lease, he was entitled to elect the remedies provided in paragraph 19 if he so desired. We have shown that the lease cannot be so interpreted and that as to rentals lost by termination of the lease, the trial court was not in error in restricting appellant to the remedy provided in paragraph 16. This ruling by the trial court depended not upon a question of fact, but upon a question of law. This being so, appellant was not entitled to amend his complaint as proposed or to try the case or to require instructions on any other theory than that dependent upon the provisions of paragraph 16 of the lease. ■ While a trial court, if so requested, should give submitted instructions on each theory relied upon by the parties and supported by the law and the evidence, it would be error for the court to instruct on any proposed theory untenable as a matter of law. ■ A trial court is not required to instruct on a proposed theory just because a party may differ with the court in its interpretation of the law. (*Branger* v. *Chevalier,* 9 Cal. 353.)

■ Going further, even though it be assumed that under the provisions of the lease plaintiff originally had an election of remedies, the pleadings and proof plainly establish that he made his election and chose the remedy provided in paragraph 16 of the lease. The case was pleaded and tried on that theory, and under the plain provisions of Civil Code, section 3308, plaintiff was certainly bound to the extent that upon completion of the evidence he was not entitled to amend his complaint so as to set up an alternative theory of recovery available to him at the beginning but rejected in favor of the one pursued. Had plaintiff framed his pleadings on one theory and without objection submitted proof on an alternative theory, it may well be that the provisions of Civil Code, section 3308, would not preclude the granting by the trial court of a motion to amend the pleadings to conform to the proof. But such is not the case here. The proposed amendment to the complaint and the proposed instruction go far afield of finding any substantial support or justification in the evidence.

The appeal from the order denying the new trial is dismissed; the judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 28, 1954.