[S. F. No. 19238.   In Bank.   May 27, 1955.]

SADIE HILLMAN, Appellant, v. RUDOLPH GARCIA-
RUBY et al., Respondents.

James C. Purcell and Michael Riordan for Appellant.

Bronson, Bronson & McKinnon and John F. Ward for Respondents.

TRAYNOR, J.—Plaintiff appeals from a judgment entered on a jury verdict in an action for personal injuries. Plaintiff's complaint alleged, and evidence was introduced to support the allegations, that as she was walking along a public sidewalk defendants' police dog jumped upon and knocked her down causing severe injuries, that the dog had a propensity to jump on people, that defendants knew of this propensity, and that, notwithstanding this knowledge, defendants allowed the dog to roam at large without restraint. The defendants' evidence showed that the dog was a gentle dog with no propensity to jump on people and that it had merely accidentally bumped into plaintiff while playing with another dog.

Plaintiff does not question the sufficiency of the evidence to support the judgment. Her sole contention is that the court erroneously failed to instruct the jury in accordance with the applicable rule of law.

There is no dispute as to that rule. ▪ "The keeper of an animal of a species dangerous by nature, or of any animal which he knows, or has reason to know, to have dangerous propensities, is liable, without wrongful intent or negligence, for damage to others resulting from such a propensity." (Prosser, Torts, p. 432; *Gooding* v. *Chutes Co.*, 155 Cal. 620, 624 [102 P. 819, 18 Ann.Cas. 671, 23 L.R.A.N.S. 1071]; *Clowdis* v. *Fresno Flume etc. Co.*, 118 Cal. 315, 320 [50 P. 373, 62 Am.St.Rep. 238]; *Heath* v. *Fruzia*, 50 Cal.App.2d 598, 600 [123 P.2d 560]; *Opelt* v. *Al. G. Barnes Co.*, 41 Cal. App. 776, 779 [183 P. 241]; see 3 C.J.S., "Animals," § 148; *cf.* Civ. Code, §§ 3341, 3342.) ▪ The liability of the keeper is absolute, for "[t]he gist of the action is not the manner of keeping the vicious animal, but the keeping him at all with knowledge of the vicious propensities. [Citation.] In such instances the owner is an insurer against the acts of the animal, to one who is injured without fault, and the question of the owner's negligence is not in the case. [Citations.]" (*Opelt* v. *Al. G. Barnes Co., supra,* 41 Cal. App. 776, 779.)

■ Plaintiff was entitled to instructions in conformity with this rule. (*Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 623 [255 P.2d 785].) ■ The instructions that were given[1] told the jury that if defendants' dog had a propensity to do an act dangerous to person or property and defendants knew of that propensity they were under a duty to restrain or confine it. These instructions, however, did not tell the jury that this duty was an absolute duty, and when viewed in their context with other instructions[2] they set forth a duty of ordinary care. It is clearly apparent from the court's rejection of certain of plaintiff's proposed instructions,[3] its modification of certain of her proposed instructions,[4] and its withdrawal[5] of one of her proposed instructions after reading it to the jury, that the court understood the duty to be one of ordinary care and so instructed the jury.

■ Although the court erred in rejecting plaintiff's proposed instructions that the keeper of a dog, which he knows to have a dangerous propensity, is under an absolute duty to restrain the dog and in instructing the jury that such a keeper is only under a duty to exercise ordinary care to restrain the dog, we do not believe that the error was preju-

---

[1] "If the keeper of a dog knows that the dog was accustomed to jump on human beings, the keeper's liability is not affected by the high character of the dog for mildness among the neighbors.

"The intent with which a dog inflicts injury upon a human being is not material.

"If a keeper of a dog knows it to have dangerous propensities, he is under a duty to restrain it or confine it that it may not exercise its propensity to the injury of another.

"It is the duty of the keeper of a dog to inform himself or herself of the habits and disposition of said dog."

[2] They were immediately followed by an instruction that "A keeper of a dog must use that degree of care to restrain it that an ordinarily prudent person would have used in the same or similar circumstances." The jury was also instructed that "under the law of this state every person is bound, without contract, to abstain from injuring the person or property of another or from infringing upon any of his rights, and that everyone is responsible for injury occasioned to another for his want of ordinary care or skill in the management of his property or person. However, defendant was not an insurer of the safety of the plaintiff or the public." (Plaintiff's proposed instruction No. 31, as modified by the court's addition of the last sentence.)

[3] For example, plaintiff's proposed instruction number 2: "The keeper of any dog which he knows or has reason to know to have dangerous propensities is liable without wrongful intent or negligence for damages to others proximately resulting from such a propensity."

[4] See, for example, the modification of plaintiff's proposed instruction number 31, quoted in note 2, *supra.*

[5] Plaintiff's proposed instruction number 2, quoted in note 3, *supra.*

dicial. The absolute duty to restrain the dog could not be invoked unless the jury found, not only that the dog had the alleged dangerous propensity, but that defendants knew or should have known that it had. In the light of the uncontradicted evidence and the instructions that were given, it is clear that the jury did not believe that the dog had the alleged dangerous propensity or that defendants knew or should have known that it had. Had there been conflicting evidence in this case on the issue of restraint the error would have been prejudicial. The uncontradicted evidence affirmatively shows, however, that defendants did nothing whatever to restrain the dog and allowed it to roam at will. Had the jury believed that the dog had the alleged dangerous propensity and that defendants knew it or should have known it, they were compelled by the instructions given to return a verdict for plaintiff, for a showing of a complete lack of any care to restrain the dog would show a violation of a duty to use reasonable care to restrain it. It follows that the jury must have found that the dog did not have the alleged dangerous propensity, or that defendants did not know or were not charged with notice of such propensity, and that a contrary result would not have been reached even if all the requested instructions had been given.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I had heretofore thought that at least one rule of law remained firmly fixed in the jurisprudence of this state: that a party litigant was, at the very least, entitled to have the jury correctly instructed as to the law as it related to his particular lawsuit. The majority opinion frankly admits that there is no dispute as to what the applicable rule of law is; that plaintiff was entitled to instructions in conformity with the rule; that the jury was clearly misinformed by the court as to that rule of law.

The evidence was sharply conflicting as to whether the dog had dangerous propensities. If the dog did have dangerous propensities, defendant was under an absolute duty to restrain it. The matter is just as simple as that, but the jury was not so instructed. It was instructed that defendant must only exercise ordinary care.

Plaintiff's theory was that the dog had dangerous propensities which were known to defendant. She was entitled to have the jury instructed in accordance with that theory: *Buckley* v. *Silverberg*, 113 Cal. 673 [45 P. 804]; *Ritchey* v. *Watson*, 204 Cal. 387 [268 P. 345]; *Waniorek* v. *United Railroads*, 17 Cal.App. 121 [118 P. 947]; *Klamath etc. Co.* v. *Co-operative etc. Co.*, 25 Cal.App. 678 [145 P. 159]; *Cassinelli* v. *Bennen*, 110 Cal.App. 722 [294 P. 748]; *Buckley* v. *Shell Chemical Co.*, 32 Cal.App.2d 209 [89 P.2d 453]; *Lewis* v. *Western Truck Line*, 44 Cal.App.2d 455 [112 P.2d 747]; *McGowan* v. *City of Los Angeles*, 100 Cal.App.2d 386 [223 P.2d 862, 21 A.L.R.2d 1206]; *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614 [255 P.2d 785]; *Perin* v. *Nelson & Sloan*, 119 Cal.App.2d 560 [259 P.2d 959]; *Rideau* v. *Los Angeles Transit Lines*, 124 Cal.App.2d 466 [268 P.2d 772]; *Sills* v. *Los Angeles Transit Lines*, 40 Cal.2d 630, 640 [255 P.2d 795]; *Petersen* v. *Rieschel*, 115 Cal.App.2d 758 [252 P.2d 986]; *Summers* v. *Randall*, 123 Cal.App.2d 113 [266 P.2d 217]; *Nelson* v. *Angel*, 124 Cal.App.2d 861 [269 P.2d 626].

A jury is bound to follow the law as it is given to it in the instructions given by the court. The rule is set forth in 24 California Jurisprudence, section 96, page 822, as follows: ''As a general rule instructions *excluding issues* or defenses which are supported by evidence are *prejudicially erroneous.*'' (Emphasis added.) If the jury is not instructed as to the law applicable to plaintiff's case it must, in effect, find for the defendant. Under the circumstances how can it be said that instructions giving only defendant's theory of the case did not prejudice plaintiff? The majority indulges in speculation in order to decide just what the jury thought in returning its verdict. The trial court was of the opinion that ordinary care was all that was required of defendant and the jury was so instructed. The theory of plaintiff's case was never brought to the attention of the jury and, as a result, she has been denied her day in court.

The judgment should be reversed.

Appellant's petition for a rehearing was denied June 23, 1955. Carter, J., was of the opinion that the petition should be granted.