[Civ. No. 26038. Second Dist., Div. Three. Nov. 23, 1962.]

DANIEL S. GREENE, a Minor, etc., Plaintiff and Appellant, v. GORDON WATTS et al., Defendants and Respondents.

Brock, Fleishman & Rykoff and Lewis Graham for Plaintiff and Appellant.

Veatch, Thomas & Carlson and Henry F. Walker for Defendants and Respondents.

FILES, J.—This is an action to recover damages for a dog bite. The jury returned a verdict for defendants, the court denied plaintiff's motion for a new trial, and plaintiff has appealed from the judgment. The facts in the record most favorable to defendants are as follows:

Plaintiff, who was then 3½ years of age, and his brother, age 5, were taken by their grandmother to visit defendants' home. Defendants (or one of them) owned a male chow dog and a female German shepherd. When the visiting children petted the dogs, Douglas Watts, the 18-year-old son of the defendants, "told them to stay away from the rear end of the dogs." It does not appear that the children were given any other warning or instruction concerning the dogs, or that any attempt was made by anyone to keep the children apart from the dogs.

Later in the day the two visiting boys were in the yard wrestling with Douglas. Douglas was on his knees and the younger boys were on top of him. The dogs were standing a few feet away. The shepherd was excited but the chow was standing quietly. Plaintiff either fell or climbed off Douglas, and then ran over to the chow and jumped on his back. Douglas called to plaintiff to stop but it was too late. The chow turned and bit plaintiff's ear.

The complaint originally contained two causes of action, one on the theory of negligence and the other based on Civil Code, section 3342. At the conclusion of plaintiff's evidence the

defendants moved for a judgment of nonsuit on the negligence count. Counsel for plaintiff acquiesced, and the court granted the motion. The case was then submitted to the jury solely upon the theory of statutory liability.

Civil Code, section 3342, so far as applicable, provides: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. . . ."

Although the statutory declaration of liability is in its terms absolute, certain defenses have been recognized in the case law. "In adopting section 3342 of the Civil Code, the Legislature did not intend to render inapplicable such defenses as assumption of risk or wilfully invited injury. Therefore those defenses are available in all proper cases." (*Gomes* v. *Byrne,* 51 Cal.2d 418, 420 [333 P.2d 754].)

It appears to be settled under California law that a child of the age of plaintiff is, as a matter of law, incapable of contributory negligence. The cases are collected and analyzed in *Christian* v. *Goodwin,* 188 Cal.App.2d 650 [10 Cal.Rptr. 507]. The rationale of these decisions is that a child of this age has not the mental capacity to foresee that his conduct will expose him to an unreasonable risk.

The defense of assumption of risk is based upon a different theory, but it also depends upon the actual or assumed mental capacity of the actor. The elements are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk. (*Gomes* v. *Byrne, supra.*)

*Baugh* v. *Beatty,* 91 Cal.App.2d 786 [205 P.2d 671], was an action by a 4-year-old plaintiff who had been bitten by a circus chimpanzee. Judgment for defendant was reversed because of an error in the jury instructions. The appellate court said at page 793 : "Whether a minor of tender years has conducted himself with the care and prudence due from one of his years and experience is strictly a question of fact for the jury. (*Opelt* v. *Al G. Barnes Co.,* 41 Cal.App. 776, 781 [183 P. 241].) Thus the sole question for the jury to have determined was whether plaintiff knowingly and voluntarily invited the injury."

The opinion does not discuss the question of whether plaintiff, as a matter of law, lacked mental capacity to foresee the danger or to understand it. An examination of the briefs in

that case discloses that plaintiff there made no contention that the defense of assumption of risk could not be applicable to a 4-year-old.

*Ellis* v. *D'Angelo,* 116 Cal.App.2d 310 [253 P.2d 675], was an action against a child 4 years of age who was alleged to have pushed the plaintiff to the floor, causing bodily injury. The complaint included a cause of action for negligence and one for battery. After the complaint had been dismissed on demurrer, the appellate court reversed as to the battery count but affirmed the dismissal of the negligence cause of action. The reason for the decision was summarized by the court as follows (at p. 315) : ''Thus as between a battery and negligent injury an infant may have the capacity to intend the violent contact which is essential to the commission of battery when the same infant would be incapable of realizing that his heedless conduct might foreseeably lead to injury to another which is the essential capacity of mind to create liability for negligence.''

The *Ellis* opinion deals with the *Baugh* case in the following language (at p. 316) : ''Appellant cites *Baugh* v. *Beatty,* 91 Cal.App.2d 786, 793 [205 P.2d 671], where the court said of a 4-year-old boy : 'Whether a minor of tender years has conducted himself with the care and prudence due from one of his years and experience is strictly a question of fact for the jury.' The court cited only *Opelt* v. *Al G. Barnes,* 41 Cal.App. 776 [183 P. 241], which involved a 10-year-old child. The child had been bitten by a chimpanzee at a circus and the court later stated the question to be 'whether plaintiff knowingly and voluntarily invited the injury' and 'knowingly and consciously placed himself in danger.' Such conduct is more than negligence since it involves the intentional taking of a risk and the opinion on its face indicates that the court was making no clear distinction between mere negligent conduct and deliberate and premeditated conduct.''

This language may be read as indicating that the court in *Ellis* felt it had sufficiently disposed of *Baugh* by pointing out that *Baugh* involved only assumption of risk and not contributory negligence. However, the validity of the distinction between assumption and negligence for this purpose was not discussed. ▮ The reasoning of the *Ellis* case, supporting its conclusion that a 4-year-old cannot be guilty of negligence, seems equally applicable to support the conclusion that the same infant is incapable of knowing the danger and appreciating the risk of a course of conduct. Since the *Ellis* case did not

involve a minor plaintiff the court was not at all concerned with the age at which a party is capable of assuming a risk.

█ █ █ We know of no reason why the minimum age at which an infant may be held to have assumed the risk should be less than that established by the decisions on contributory negligence. We must conclude, therefore, that there is no evidence to support the verdict for defendants, and plaintiff is entitled to a new trial.

Since the denial of the motion for a new trial is not appealable, the purported appeal therefrom is dismissed. The judgment is reversed.

Shinn, P. J., and Ford, J., concurred.